RON STALEY ENTERPRISES, INC.,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*

*and*

LINN COUNTY,
a political subdivision of the State of Oregon,
*Intervenor.*

(TC 4403)

Ron L. Staley for Plaintiff (taxpayer).

Wendy Sanderson, Assistant Attorney General, Department of Justice, Salem, for Defendant (the department).

Brad Anderson, Linn County Counsel, Linn County, for Intervenor (the county).

Decision for Defendant rendered November 1, 1999.

### CARL N. BYERS, Judge.

This matter is before the court on its own motion to dismiss. Plaintiff (taxpayer) seeks relief from imposition of a 100 percent penalty for failure to timely file its 1998 personal

property tax return. The court discussed the issues involved herein with the parties during a telephone case management conference held August 12, 1999.

## FACTS

Taxpayer is the owner of personal property in Linn County. Sometime after the March 1, 1998, due date for personal property tax filing, taxpayer's agent provided its certified public accountant, Steven E. Hanscam, with its personal income tax information. Included within or along with this information was taxpayer's completed 1998-99 personal property tax return.

Taxpayer's agent and Hanscam both mistakenly believed that the other party had or would file the return. Neither party did. Taxpayer's agent first realized that the return had not been filed when the agent received the 1998-99 tax assessment reflecting a 100 percent penalty in the amount of $5,855.80.

Taxpayer asserts that ultimately its personal property taxes were "paid in full and on time." Therefore, taxpayer's only oversight was the untimely filing of its return. Taxpayer argues that a fine of $5,855.80 is "unduly harsh" for such an oversight. Defendant Department of Revenue (the department) maintains it is simply imposing a penalty required by law.

## ANALYSIS

The relevant parts of ORS 308.290(1)(a)[1] direct:

"* * * Every person and the managing agent or officer of any * * * corporation * * * having in possession or under control taxable personal property shall make a return of the property for ad valorem tax purposes to the assessor of the county in which such property has its situs for taxation * * *."

ORS 308.296 declares, in part:

"(1) Each * * * corporation * * * required by ORS 308.290 to file a return reporting only taxable personal

---

[1] Unless otherwise indicated, all references to the Oregon Revised Statutes are to 1997.

property, who or which has not filed a return within the time fixed * * * shall be subject to a penalty as provided in this section.

"(2)   * * * after March 1, or after April 15, if the taxpayer received an extension, but before June 1, * * * five percent * * *.

"(3)   * * * after June 1, but on or before August 1 * * * 25 percent * * *.

"(4)   A taxpayer who files a return to which this section applies after August 1 shall be subject to a penalty equal to 100 percent of the tax on the return."[2]

The legislature made no provision for appealing those penalties.

Taxpayer does not deny it was delinquent and consequently subject to a penalty. Taxpayer's contention is that the penalty imposed here is "unduly harsh" and as such must be reduced. Plaintiff did not provide, nor did this court find, any regulation or statute that authorizes reducing the penalty imposed by ORS 308.296(4). Therefore, it is necessary to look to the state and federal constitutions to determine if the penalty assessed here exceeds constitutional limitations.

The Supreme Court of Oregon analyzed the constitutionality of tax penalties in *Gooch et al. v. Rogers et al.*, 193 Or 158, 238 P2d 275 (1951). There, the court declared that the legislature has the power to determine the amount of a penalty. *Id.* at 179. That power includes the ability to impose penalties for failure to comply with laws regarding prompt payment of taxes. *Id.* at 181.

The continuance of regular and uniform receipt of tax revenue is essential to the state. *Id.* at 179. Therefore, the legislature may have felt compelled to impose harsh tax penalties in order to guarantee payment of taxes. "Penalties are graduated in severity according to the evils which the lawmaker wishes to prevent and the exigencies with which the penalty-imposing statute deals." *Id.* at 185. In some

---

[2] Filing requirements for prior tax years were different, but the August 1 date has remained constant. *See* Or Laws 1997, ch 819, § 4.

instances, moderation in the imposition of a tax penalty may invite disregard of the law. *Id.* at 184.

■      The state and federal constitutions, however, impose limits upon a legislature's power to prescribe severe penalties. Penalties may not be "grossly oppressive or disproportionate to the offense" that the legislature seeks to do away with. *Id.*. Therefore, in determining whether a penalty is "excessively harsh," this court must consider the offense or evil that the legislature seeks to curtail.

■      The penalty for late filing of a personal property tax return was previously capped at $250. ORS 308.295(2) (1995). However, it was recognized in *Northwest Airlines Inc. v. Dept. of Rev.*, that such a moderate penalty may have created an incentive for taxpayers to disregard personal property tax laws. 325 Or 530, 553-54, 943 P2d 175 (1997).

A penalty capped at $250 may not have been strong enough incentive for some taxpayers to file a tax return or to honestly fill out a return. If the Department of Revenue detected such dishonest acts, then the taxpayer was required to file an untimely tax return and at that time pay a penalty capped at $250. Some may have been willing to risk such a penalty if there was a chance they could avoid personal property tax altogether.

The honest filing of tax returns is necessary to the fair apportionment of the tax burden among citizens of the state; to say nothing of its importance to the state's actual existence. A 100 percent penalty is strong incentive to make sure one honestly and completely files a tax return.

■      In *Gooch*, an 80 percent penalty imposed to prevent late payment of taxes was upheld. 193 Or 158. Here, a 100 percent penalty is prescribed to ensure the filing of a tax return; the absence of which return could prevent the tax from being collected at all. In light of what this penalty seeks to accomplish, this court finds that the 100 percent penalty exacted by ORS 308.296(4) is not disproportionate. Therefore, it does not exceed constitutional limitations on excessive penalties.

This court recognizes that taxpayer here did not intend to defraud the state by seeking to avoid the payment

of taxes. Taxpayer seems to have made an honest mistake regarding filing its tax return. However, when the legislature enacted ORS 308.296, it did not provide a yardstick by which courts may reduce the penalty based upon the intentions and attitudes of taxpayers. *Dominion Land & T. Corp. v. Department of Revenue*, 320 So2d 815, 818-19 (Fla 1975). Under the clear language of ORS 308.296, a forgetful taxpayer is subjected to the same penalty as a dishonest one.

This court has no right to interfere with or repeal the express provisions of this statute in an attempt to defeat the operation of the statute in a particular case. *Gooch* at 189. Although this court recognizes the severity of the penalty herein, it does not find the penalty unconstitutional. "If the law is too harsh, it should be changed by the Legislature and not by this Court." *Dominion Land*, 320 So2d at 819. Now, therefore,

IT IS ORDERED that Plaintiff's Complaint is dismissed, and the county's assessed personal property tax penalty be paid. Costs to neither party.